1  SHAHANE HARUTYUNYAN, ESQ. (SBN 311736)
2  KOLB CLARE & ARNOLD, PSC
   9400 Williamsburg Plaza, Suite 200
3  Louisville, KY 40222
4  (818) 794-0399
   (844) 557-4329 Facsimile
5  sharut@kcalegal.com

6
7  Attorneys for Plaintiff
   Administrative Committee, Google LLC Welfare Benefit Plan
8
           **IN THE UNITED STATES DISTRICT COURT**
9             **NORTHERN DISTRICT OF CALIFORNIA**
10

11 | ADMINISTRATIVE COMMITTEE, GOOGLE LLC WELFARE BENEFIT PLAN | CIVIL ACTION FILE NO. 5:22-CV-3154 |
12 |
13 |
14 | Plaintiff, |
15 | vs. | **COMPLAINT** |
16 | BORIS E. EFRON, A PROFESSIONAL LAW CORPORATION and ORNA BERRYMAN |
17 |
18 |
19 | Defendants. |

20
21
22     Plaintiff, Administrative Committee, Google LLC Welfare Benefit Plan, by
23 and through undersigned counsel, and for its Complaint against the Defendants,
24 states and alleges as follows:
25
26 ///
27 ///
28
                              COMPLAINT
                                 - 1 -

## NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000-1461.

2. Plaintiff is a fiduciary of the Google LLC Welfare Benefit Plan (hereinafter "Google Plan").  The Google Plan is a self-funded employee welfare benefit plan. Plaintiff is authorized to bring this action on behalf of all Google Plan participants to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of an equitable lien by agreement over identifiable funds in the possession and/or control of the Defendants.  No money damages are being sought from the Defendants in this matter.

4. Defendant, Orna Berryman, is a resident of California and may be personally served at her residence at 1419 Rosalia Avenue, San Jose, California 95130.

5. Defendant, Boris E. Efron, A Professional Law Corporation is located in California, and may be served at 130 Portola Road, Portola Valley, California 94028.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

Case 5:22-cv-03154   Document 1   Filed 05/31/22   Page 3 of 8

7.  Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Google Plan is administered in this district.

# FACTUAL ALLEGATIONS

8.  July 1, 2018 through December 31, 2018, Berryman was a beneficiary of the Google Plan by virtue of her husband Bill Berryman's employment with Google.

9.  January 1, 2019 through October 1, 2019, Berryman was a participant and beneficiary of the Google Plan by virtue of her own employment with Google.

10. On or about July 2, 2018, Berryman sustained injuries in a white water rafting incident.

11. The Google Plan paid medical benefits in the amount of $123,140.27 for treatment of injuries that Berryman incurred from the rafting incident.

12. The Google Plan contains an express provision which provides for the Plan's right to first reimbursement out of any recovery from another party, without reduction for attorneys' fees, costs, expenses or damages claimed by the covered person, and regardless of whether the covered person is made whole or recovers only part of his/her damages. Attached hereto as **Exhibit A** is a true and correct copy of the applicable provision of the Google Plan for claims incurred, which are incorporated by reference.

///

- 3 -

13. Berryman hired Boris E. Efron, A Professional Law Corporation (hereinafter "Efron PLC") to pursue claims arising out of the white water rafting accident.

14. Berryman settled her injury claims against the white water rafting company for a total sum of $500,000.

15. Berryman and Efron PLC have failed to reimburse the Google Plan the amount owed from the proceeds of the white water rafting settlement; and have thereby breached the terms of the Google Plan.

16. The Google Plan has not consented to the distribution of any portion of the white water rafting settlement to Berryman or any other party or parties.

17. Upon information and belief, a portion of the settlement funds were distributed directly to Berryman contrary to the express provisions of the Google Plan.

18. Upon information and belief, Efron PLC is holding some amount of the settlement proceeds from Berryman's settlement in trust.

**COUNT I:  EQUITABLE LIEN ON SETTLEMENT PROCEEDS PAID TO ORNA BERRYMAN**

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks equitable relief against Berryman to enforce the written terms of the Google Plan.

21. Berryman is in actual or constructive possession of settlement funds, or assets acquired with the settlement funds, and is therefore in possession of funds or assets that as a matter of equity and good conscience belong to the Google Plan.

22. Berryman was on notice of the Google Plan's rights pursuant to the written terms of the Google Plan.

23. Berryman has refused to turn over the settlement funds according to the written provisions of the Google Plan. The Google Plan is entitled to an equitable lien by agreement on the settlement funds, or any assets acquired with such funds, held in Berryman's actual or constructive possession.

24. Berryman should be ordered to turn over to the Google Plan any settlement funds in her actual or constructive possession (up to the amount of benefits advanced by the Plan on her behalf) in order to enforce the written terms of the Google Plan.

25. This Court should impose an equitable lien by agreement in favor of the Google Plan on any of the settlement funds or on any assets obtained with the settlement funds that is in Berryman's actual or constructive possession.

**COUNT II: EQUITABLE LIEN ON SETTLEMENT PROCEEDS HELD BY BORIS E. EFRON, A PROFESSIONAL LAW CORPORATION**

26. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

COMPLAINT
- 5 -

27. Upon information and belief, the settlement proceeds from the resolution of Berryman's claims were deposited into the Efron PLC trust account.

28. Upon information and belief, a portion of the settlement remains in the Efron PLC trust account.

29. Despite actual notice of the Google Plan's lien, employees or members of Efron PLC distributed a portion of the settlement proceeds allocated to Berryman's injury claims to Berryman in violation of the Google Plan's lien.

30. Upon information and belief, Efron PLC is in possession of funds that in equity and good conscience belong to the Google Plan.

31. Efron PLC has refused to turn over the settlement funds according to the written provisions of the Google Plan.

32. Efron PLC should be ordered to turn over to the Google Plan any proceeds of the settlement of Berryman's injury claims being held in its trust account.

### COUNT III: ATTORNEY FEES (AGAINST ALL DEFENDANTS)

33. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 32 above.

34. Plaintiff seeks its actual attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks the following relief:

COMPLAINT
- 6 -

a. For service upon the Defendants as required by law;

b. An order imposing an equitable lien by agreement in favor of the Plaintiff upon the settlements proceeds in possession of each Defendant and requiring Defendants, as constructive trustee, to transfer the funds to the Plaintiff;

c. An order imposing an equitable lien on any assets that Defendants acquired, in whole or in part, with the proceeds of Defendant, Orna Berryman's settlement;

d. An order enjoining Defendants from transferring or disposing of the settlements funds which would prejudice, frustrate, or impair Plaintiff's ability to recover same;

e. An order awarding reasonable attorneys' fees and costs incurred herein, pursuant to 29 U.S.C. § 1132(g)(1); and

f. Other and further equitable relief to which the Plaintiff may be entitled.

May 27, 2022　　　　　　　　　　　　　　　　　　KOLB CLARE & ARNOLD, PSC

By: /s/ Shahane Harutyunyan
Shahane Harutyunyan
Kolb Clare & Arnold, PSC
9400 Williamsburg Plaza, Suite 200
Louisville, KY 40222

COMPLAINT
- 7 -

(818) 794-0399
(844) 557-4329 Facsimile
sharut@kcalegal.com